**WARNING:** **THIS IS A SEALED DOCUMENT CONTAINING NON-PUBLIC INFORMATION**

CLARE E. CONNORS
United States Attorney
District of Hawaii

MICHAEL F. ALBANESE #9421
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Michael.albanese@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug. 12, 2022
Pam Hartman Beyer, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | MAG. NO. 22-1393 WRP |
|---|---|---|
| Plaintiff, | ) | CRIMINAL COMPLAINT |
| vs. | ) | |
| JAMES LYMAN, | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

Felon in Possession of a Firearm
(18 U.S.C. § 922(g)(1))

On or about August 12, 2022, within the District of Hawaii, JAMES LYMAN, the defendant, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely, one Avtomat Kalashnikov Rifle (also known as AK-47), and 28 rounds of 7.62 caliber ammunition, said firearm and ammunition having been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

//

//

//

//

/

//

//

//

//

//

//

I further state that I am a Task Force Officer with Homeland Security Investigations, and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint", which is attached hereto and incorporated herein by reference.

DATED: HONOLULU, HAWAII: August 12, 2022

JOHN BEYER
Task Force Officer
Homeland Security Investigations

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4.1(b)(2).



Wes Reber Porter
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, JOHN BEYER, being duly sworn, deposes and states as follows:

1. Your affiant is a Supervisor with Customs and Border Protection (CBP) and has been so employed for approximately sixteen years. Prior to becoming a Supervisor, your affiant worked as an Officer with CBP and the United States Customs Service (USCS) for approximately 8 years. Your affiant is currently a Task Force Officer (TFO) assigned to Homeland Security Investigations (HSI), Border Enforcement Security Taskforce (BEST) in Honolulu, Hawaii. As a requirement for employment as a CBP Officer and Supervisor, this affiant successfully completed a twelve-week Officer Basic Training located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. As a requirement to be a TFO, this affiant successfully completed a one-week Task Force Officer Certification Training. As part of the Officer Basic Training and Task Force Officer Training, this affiant received extensive instruction in the areas of criminal law, firearms law, firearms training, rules of evidence, and interview techniques. This affiant's law enforcement experience includes conducting physical surveillance, interviewing witnesses, victims and suspects, writing affidavits for and executing search warrants, analyzing phone records obtained from subpoenas, search warrants, pen registers, trap and trace devices, and collecting and processing evidence. As an HSI TFO, I have authority to enforce

federal criminal violations within Title 18, Title 26 and Title 21 of the United States Code. My duties and responsibilities include but are not limited to the investigation of possible criminal violations of federal firearms laws.

2. I have participated in numerous investigations where I have (a) conducted physical and wire surveillance; (b) executed search warrants; and (c) reviewed and analyzed numerous recorded conversations and documents of firearm traffickers. Through my training, education, and experience, I have become familiar with (a) the manner in which firearms are imported and distributed; (b) the method of payment for such firearms; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers.  This affidavit is intended to show merely that there is sufficient probable cause for the specified violation of federal law and does not set forth all of my knowledge about this matter.

4. On August 9, 2022, a Federal Search Warrant was signed by the Honorable Wes Reber Porter, MAG. NO. 22-1366 WRP, authorizing the search of Lyman's residence in Kaneohe, HI.

5. On August 12, 2022, HSI and the Honolulu Police Department executed the Federal Search Warrant at Lyman's residence.  Prior to the execution

of the warrant, investigators observed Lyman depart the residence. At the time of the execution, Lyman's wife was the only person within the residence, but Lyman returned shortly after investigators entered. During the execution of the Federal Search Warrant the following items were seized: approximately 43 pounds of marijuana, an Avtomat Kalashnikov Rifle (also known as an "AK-47"), 28 rounds of 7.62 caliber ammunition, seven firearm suppressors[1], three "glock switches"[2], one drum style magazine[3], and one 30-round magazine.

      6.     On August 12, 2022, I read LYMAN his Miranda Rights and told LYMAN he was not under arrest and free to leave at any time and did not have to speak with investigators. LYMAN waived his Miranda Rights and agreed to speak with myself and Special Agent Joseph Abrew. LYMAN said there was marijuana and firearm suppressors located in Lyman's residence. LYMAN said

---

[1] Based on my training and experience, I know that a "suppressor" is a device that, when properly installed on a firearm, can reduce the amount of noise emitted by the firearm when firing a round.

[2] Based on my training and experience, a "glock switch" is a device that, when properly installed on a semi-automatic pistol or rifle, will allow the firearm to expel more than one projectile by a single pull of the trigger. Once converted, the firearm may constitute a "machinegun," as that term is defined by the National Firearms Act.

[3] A "drum magazine" is a round-shaped ammunition magazine that has the capacity of holding a large quantity of rounds, typically 50 to 100. At this point, I was unable to determine the precise capacity of the drum magazine seized in this case.

he ordered five "glock switches" in May 2022 and said the "glock switches" he ordered were in his residence. LYMAN said that he was trying to sell the "glock switches" for about $200 to $300 each. LYMAN initially said there were no firearms in the residence and said in substance, "I know not to have guns because I was locked up for it in the past." LYMAN later said that there was an "AK" in the residence and said it was located in the same room as the marijuana and the firearm suppressors. LYMAN said the AK-47 was located in a black bag inside the closet. LYMAN said the AK-47 was given to him by another individual but that person died about two years ago. LYMAN further stated ammunition and a "clip" for the AK-47 were also located in the residence.

7. LYMAN was subsequently placed under arrest and transported to HSI office for processing.

//
//
//
//
//
//
//
//

8. Prior to the search warrant, on August 2, 2022, I conducted a criminal history check on James LYMAN which resulted in a positive result. LYMAN has 32 felony arrests with ten convictions and 11 misdemeanor arrests with 5 convictions. The ten felony convictions were for promoting a harmful drug (3 counts), ownership / possession of firearm and / or ammunition by a prohibited person, assault 2, possession of a high-capacity magazine, and terrorist threatening 1 (four counts).

FURTHER AFFIANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, August 12, 2022.

John Beyer
Task Force Officer
Homeland Security Investigations

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4.1(b)(2).

Based upon the foregoing, the undersigned Judicial Officer finds that there is probable cause to believe that defendant above-named committed the crimes charged in the Criminal Complaint, this __12_ day of August, 2022.



Wes Reber Porter
United States Magistrate Judge